UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| Lathal  Ponder )<br>3300 Martin Luther King Av. SE  )<br>Washington, DC 20032            )<br>                                )<br>        Plaintiff               )<br>                                )<br>        vs                      )<br>                                )<br>Chase Home Finance, LLC         )<br>194 Wood Avenue South           )<br>Iselin, New Jersey 08830        )<br>                                )<br>_____) | Civil Action No. |

## COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1.      Plaintiffs file this action against the Chase Home Finance, LLC, for

damages and injunctive relief he suffered as a result of the negligence, breach of

contract and misrepresentation of the Defendant Chase Home Finance.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction is invoked under the following, 28 U.S.C. section 1332(a)  in that

the parties are citizen of different states and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.

3.      Venue is proper in this action in that the injury in which Plaintiff complains

occurred in the District of Columbia.

## PARTIES

4.      Plaintiff Lathal Ponder is a resident of the District of Columbia and at the time of her injury was a resident of the District of Columbia.

5.      Chase Home Finance is a Chase Home Finance, LLC engages in originating and servicing residential mortgage loans. It offers mortgage, home equity, and manufactured housing loans. The company is headquartered in Edison, New Jersey. Chase Home Finance LLC operates as a subsidiary of Chase Home Finance, Inc.

## **FACTS**

6.      On or about December 26, 2000, Plaintiff entered into a Trust agreement with a lender that is not a party to this law suite, who made an FHA loan to the Plaintiff to purchase property located at 3300 Martin Luther King Avenue, Washington, DC.

7.      The loan was subsequently sold to Chase Home Finance.

8.      On or about May 28, 2008,  the borrower alleged that the Plaintiff defaulted on said loan and threatened to foreclose on said loan.

9.      In June, 2008 Plaintiff telephoned the Defendant and entered into negotiations to cure the alleged default.

10.     The Defendant requested that the Plaintiff provide financial information over the phone and that it would process the application.

2

11.    In early July, 2008,  the Plaintiff and the Defendant agreed on a modification of the loan.

12.    Plaintiff agreed to the terms and faxed a copy of the agreed payment instrument requested by the Defendant, and pursuant to the lenders instructions.

13.    As a result of the Defendant's receipt of the documents, the Defendant agreed that it would cease all foreclosure proceedings and forward the final agreement.

14.    As a result of the Defendants representations and in reliance of the representations of the Defendant, the Plaintiff ceased all other remedies available to him under the District of Columbia code.

15.    Pursuant to the agreement, the Plaintiff waited for the Defendant to forward the final agreement and for more than a week, however, to no avail.

16.    However, nearly two weeks later, the Plaintiff walked out of his front door after it had rained and noticed  under the exterior rug an envelope that apparently had been delivered by express mail.

17.    Plaintiff attempted to open the envelope, however, it was soaking wet.  Yet Plaintiff could barely make out that it was from the Defendant.

18.    As a result in July, 2008, Plaintiff telephoned the Defendant and informed its agent that the envelope had been placed under a mat and had gotten wet.

19.    The Defendant, through its agent,  promised to send another copy of the document, however, to the best of Plaintiffs knowledge the document was never sent.

20.    It was not until August, 2008, that the Defendant sent a letter indicating that the Plaintiff had not complied with the agreement that the Plaintiff became aware that the Defendant had either allegedly resent the agreement or had no intentions of resending the agreement.

21.    Again, in August, 2008, the Plaintiff telephoned the Defendant and notified them that he had not received the agreement pursuant to the Defendant's representations and the Defendant asked the Plaintiff if it wanted to reapply for the modification.

22.    The Plaintiff responded in the affirmative and asked if there was sufficient time to allow the modification to go through.  The agent responded that there was sufficient time and that another agent would be calling shortly.

23.    However, the agent did not call even though the Defendant had the Plaintiff's home number, work number and cell phone number.

24.     Therefore, the Plaintiff telephoned the Defendant to inquire as to what was going on and Plaintiff was told to send them pay stubs and a copy of a check for $5,000.00.  She also indicated that  the modification was approved and all foreclosure proceedings would cease.

25.     Again Plaintiff complied and in October, 2008, the Plaintiff forwarded the requested documents and copy of the check.

26.     However, it was not until late October, 2008, that the Plaintiff learned that he had been deceived by Defendant's agents and Defendant had proceeded with the foreclosure even though it had misrepresented to the Plaintiff that the foreclosure would cease.

27.     Shortly thereafter, the Plaintiff learned that the Defendant had violated 24 CFR 203, in proceeding with the foreclosure as it did and further violated The District of Columbia Code section  Public Law 90-566.

28.     Plaintiff further learned that Defendant's own documents indicate that the Defendant continues to be the owner of the property and is  responsible for the above mentioned property.

29.     Plaintiff brings this law suite for damages and establishes clear title to the property.

COUNT I

5

**BREACH OF CONTRACT**

30.     Plaintiff incorporates by reference herein the allegations contained in paragraph 1 through 29.

31.     The Modification Agreements between Plaintiff and the Defendant were contracts for sale of property.

32.     The first agreement was entered into July, 2008 and the second agreement was entered into in October, 2008 respectively.

33.     As a result of entering into the agreements and in reliance on the Defendant's promises, the Plaintiff did not avail himself of other options that the Plaintiff had available to forestall a foreclosure.

34.     As a result of the Defendants breach the Plaintiff may loose his home and continues to suffer injury as a result of the damages.

COUNT II

**MISREPRESENTATION**

35.     Plaintiff incorporates by reference herein the above allegations contained in Paragraphs 1 through 34 above.

36.     In both July, 2008 and October, 2008, the Defendant knowingly and falsely represented that it agreed to the terms of the modification of the loan

between the Plaintiff and the Defendant.  It further agreed that it would cease all foreclosure proceedings.

37.     Despite its agreement, the failed to honor either agreement and did not discontinue foreclosure proceedings even though it had promised to do so.

38.     Plaintiff detrimentally relied on the representations of the Defendant and conformed his actions accordingly.

39.     The representations made by the Defendant were material and was made to mislead the Plaintiff.

40.     As   direct result of Defendants' misrepresentations, Plaintiff has suffered both equitable and monetary damages; including being possibly deprived of his property in the property, continued denial of use of his funds loaned to the defendants and untold loss and damage by the actions of the Defendants.

COUNT III

**VIOLAITON OF FEDERAL GUIDELINES FOR
FORECLOSURE ON FHA FINANCED HOMES**

(24 CFR 203)

41.     Plaintiff incorporates by reference herein the above allegations contained in Paragraphs 1 through 40 above.

42.     As the mortgagee for a FHA financed home, the Defendant was required to follow pre-foreclosure guidelines established by the United States Department of Housing and Urban Development.  (HUD).

43.     These guidelines included, but are not limited to

a)      Provide proper notice to the Plaintiff in a timely manner;

b)      Provide alternative means to foreclosure;

44.     As a result of the Defendants failure to adhere to federal guidelines concerning FHA pre-foreclosure actions, any attempt at foreclosure of the Plaintiffs property is invalid.

COUNT IV

**NEGLIGENCE PREPARATION OF DOCUMENTS**

45.     Plaintiff incorporates by reference herein the above allegations contained in Paragraphs 1 through 44 above.

46.     Defendant pursuant to the agreement of the parties was responsible for preparing and mailing the required documents for the loan modification.

47.     It was a customary business practice for the Defendants to prepare the loan documents and deliver the documents in a reasonable time.

48.     As the holder of security and the customary business practices Defendant had a duty to ensure the proper preparation and delivery of the contract documents.

49.     Despite the duty of he Defendants to accurately prepare the contract documents the Defendants breached its duty when it callously and with total disregard for the Plaintiff failed to insure accurate delivery of the contract document.

50.    As a direct and proximate result of the Defendants breach of the above mentioned duty, the Plaintiff was and continues to be financially injured and severely damaged to his credit and reputation in the community.

Wherefore, the Plaintiffs respectfully pray that this Honorable Court grant the following relief:

a.    Award compensatory damages in the amount of $450,000.00

b.    Quite Title to the property located at 3300 MLK Av. SE, Washington, DC.

c.    That all records concerned foreclosure transactions be expunged from the Plaintiffs credit report.

d.    For any other relief the Court deems just and proper.

Respectfully Submitted

_____/s/_____
Lathal Ponder
3300 MLK Av. SE
Washington, DC 20032
(202) 563-9198
Plaintiff Pro-Sey

**JURY DEMAND**

Plaintiff demands a trial by jury.

_____/s/_____
Lathal Ponder

9