**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **LATHAL PONDER,** |
| **Plaintiff,** |
| **v.** |
| **CHASE HOME FINANCE, LLC,** |
| **Defendant.** |

**Civil Action 10-425  (BJR)**

**MEMORANDUM OPINION**

Plaintiff Lathal Ponder, proceeding *pro se*,[1] brings this action against defendant Chase

Home Finance, LLC ("Chase"), presenting various claims arising from a failed effort to modify

Ponder's mortgage, which Chase held, and the resulting foreclosure.  Specifically, Ponder alleges

that Chase breached two separate agreements to modify the mortgage, made material

misrepresentations related to those agreements, negligently failed to prepare and deliver

documents to him, and violated federal guidelines for foreclosure on homes financed through the

Federal Housing Authority ("FHA").  Before the Court is Chase's motion to dismiss, in which it

alleges that Ponder's claims are barred by the doctrines of res judicata and collateral estoppel,

and further that they fail to state a claim upon which relief may be granted [Dkt. #2].  Upon

consideration of the motion, the opposition thereto, and the record of this case, the Court

concludes that the motion must be granted in part and denied in part.

---

[1]    Although he is proceeding *pro se*, Ponder appears to be an attorney.  *See Ponder v. Chase Home Finance*, 666 F. Supp. 2d 45, 46 n.1 (D.D.C. 2009).

## I. BACKGROUND

In December of 2000, Ponder obtained an FHA-insured loan from a lender (who is not a party to this action) in order to purchase a parcel of property in the District of Columbia. That lender subsequently sold Ponder's loan to Chase. Compl. ¶¶ 6–7. In May of 2008, Chase asserted that Ponder had defaulted on the loan and threatened to commence foreclosure proceedings. Ponder alleges that in July of that year, the parties reached an agreement to modify the loan. *Id.* ¶¶ 9–12. He asserts that as part of that agreement, Chase agreed to cease foreclosure proceedings on the property. *Id.* ¶ 13. Ponder waited for Chase to send him a copy of the modification documents, but did not receive one until at least two weeks later, when he discovered an envelope from Chase, largely destroyed by rain, under his doormat, and largely indecipherable. Ponder contacted Chase to request another copy. Accordingly to Ponder, Chase replied that it would send another copy, but Ponder never received one. *Id.* ¶¶ 15–19.

In August, Ponder received a letter from Chase asserting that he had failed to comply with the modification agreement. He contacted Chase and again explained that he had not received an intact copy of the agreement. Ponder avers that Chase then offered, and he accepted, the opportunity to reapply for the modification. *Id.* ¶¶ 20–22. Following further delays during which Ponder did not hear from Chase, he contacted Chase again and was told to supply more paperwork, and that the modification had been approved. He provided the requested documents in October. Later that month, he discovered that the foreclosure proceedings against his property were still ongoing. *Id.* ¶¶ 24–26.

The following July, Ponder filed suit against Chase in the District of Columbia Superior Court, alleging breach of contract, misrepresentation, and negligence. That suit was removed to

this Court by Chase and assigned to Judge Rosemary M. Collyer.  *See Ponder v. Chase Home Finance*, No. 09-01351 (July 21, 2009) (notice of removal, dkt. no. 1).  Chase moved to dismiss that action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Judge Collyer granted Chase's motion, dismissing all of Ponder's claims without prejudice.  *See Ponder v. Chase Home Finance*, 666 F. Supp. 2d 45, 50 (D.D.C. 2009).  Ponder subsequently brought this action, seeking damages, a revision of his credit report, and clear title to the property.

## II.  LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint need not contain detailed factual allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  In deciding a Rule 12(b)(6) motion, the Court may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III.  ANALYSIS

Chase again seeks the dismissal of Ponder's complaint for failure to state a claim under Rule 12(b)(6), this time on two grounds.  First, it argues that, because of Judge Collyer's dismissal of Ponder's previous case, all of his claims are barred by the doctrines res judicata and

collateral estoppel.  Second, it argues that, even if Ponder's claims are not barred, they do not

meet the pleading standards on which Rule 12(b)(6) is based.  The Court addresses each

argument in turn and, because the case is before the Court on diversity grounds, applies District

of Columbia law.  *See Ponder*, 666 F. Supp. 2d at 48 n.2 (applying D.C. law to Ponder's prior

claims regarding the same events).

**A.      Ponder's Claims Are Not Barred by Res Judicata or Collateral Estoppel**[2]

        "Under the doctrine of claim preclusion or res judicata, when a valid final judgment has

been entered on the merits, the parties . . . are barred, in a subsequent proceeding, from

relitigating the same claim or any claim that might have been raised in the first proceeding."

*Wash. Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1280–81 (D.C. 1990).  Similarly, collateral

estoppel, also known as issue preclusion,

> renders conclusive in the same or a subsequent action determination of an issue of
> fact or law when (1) the issue is actually litigated and (2) determined by a valid, final
> judgment on the merits; (3) after a full and fair opportunity for litigation by the
> parties or their privies; (4) under circumstances where the determination was
> essential to the judgment, and not merely dictum.

*Id.* at 1283.  Here, Chase asserts that all of Ponder's claims are barred by these doctrines because

Ponder previously filed — and Judge Collyer dismissed — an action against Chase based on the

same events and involving many of the same claims.  Def.'s Mem. in Supp. of Mot. to Dismiss

("Def.'s Mem.") at 4–9; *see Ponder*, 666 F. Supp. 2d at 50.  Ponder retorts that neither doctrine is

applicable because the dismissal was *without prejudice*, meaning that no final judgment on the

merits occurred.  Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") at 5 (emphasis added).  Chase

---

[2]      Res judicata is "properly brought in a pre-answer Rule 12(b)(6) motion when all
relevant facts are shown by the court's own records . . . ."  *Camp v. Kollen*, 567 F. Supp. 2d 170,
172 (D.D.C. 2008).

4

acknowledges that Judge Collyer expressly dismissed Ponder's first suit without prejudice, but asserts that she "indeed expressed [her] decision on the merits in a seven-page memorandum." Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply") at 2 n.2.  It also points to the court's statement in its Order that it constituted a final appealable order.  Ponder's argument is correct.

A dismissal for failure to state a claim under Rule 12(b)(6), as occurred here, normally constitutes a ruling on the merits with preclusive effect.  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  It is, however, "beyond dispute that a dismissal without prejudice does not determine the merits." *Interdonato v. Interdonato*, 521 A.2d 1124, 1131 n.11 (D.C. 1987); *accord Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1210 (D.C. 2002); *McAlister v. Potter*, 2012 WL 540080, at *3 (D.D.C.  Feb. 21, 2012) ("Because the claim was dismissed without prejudice, there was no 'final judgment on the merits,' and res judicata does not apply."); *Ciralsky v. C.I.A.*, 355 F.3d 661,  (D.C. Cir. 2004) ("[C]ourts often regard the dismissal without prejudice of a complaint as 'not final, and thus not appealable under 28 U.S.C. § 1291, because the plaintiff is free to amend his pleading and continue the litigation.'") (quoting *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir.2003) and citing *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) and 19 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 201.14 (3d ed. 2003)).  There is no language in Judge Collyer's Memorandum Opinion, which itself uses the phrase "without prejudice" as to each individual claim it addresses, that suggests that she intended to depart from this settled use of the term.  *See Ponder*, 666 F. Supp. 2d at 48–50.  In addition, the order at issue states explicitly that "Defendant's motion to dismiss is GRANTED; and it is FURTHER ORDERED that this case is DISMISSED without prejudice."  Order of Oct. 28, 2009, Civil Action No. 09-1351 (emphasis in original).  Thus, the Court concludes that Judge

5

Collyer did not reach a final judgment as to the merits of Ponder's claims.[3]  As a result, neither

claim nor issue preclusion applies here.  Accordingly, the Court will consider the merits of

Ponder's claims.

**B.     The Merits of Ponder's Claims**

The Court now considers whether Ponder's complaint states one or more claims upon

which relief may be granted.  The Court addresses each count of the complaint in order.

**1.     Count I: Breach of Contract**

To state a breach of contract claim, a "plaintiff must allege the following elements: '(1) a

valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a

breach of that duty; and (4) damages caused by the breach.'"  *Mesumbe v. Howard Univ.*, 706

F. Supp. 2d 86, 94 (D.D.C. 2010) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187

(D.C. 2009)).  The essential elements of a valid contract are competent parties, lawful subject

matter, legal consideration, mutuality of assent, and mutuality of obligation.  *Henke v. U.S. Dep't

of Commerce*, 83 F.3d 1445, 1450 (D.C. Cir. 1996).

Judge Collyer dismissed Ponder's original breach of contract claim on the ground that he

had failed to allege facts sufficient to establish that the parties had entered into a binding

agreement.  She rejected Ponder's argument that the parties had entered into an implied-in-fact

contract, concluding that at most, "the parties orally agreed to be bound by a final agreement to

---

[3]     To the extent that Judge Collyer's opinion "makes findings or otherwise expresses
an opinion as to the merits of the case . . . doubt stemming from this inconsistency is resolved in
favor of the view that the words 'without prejudice' show that ultimately the court did not
determine the merits of the controversy . . . ."  149 A.L.R. 553, § II.d.5.  As well, the Order also
states that it is "final and appealable" is of no moment.  *Ciralsky v. C.I.A.*, 355 F.3d 661, 666
(D.C. Cir. 2004) (finding that most courts that have held that the dismissal of an action —
whether with or without prejudice — is final and appealable.).

be drawn up and signed later," which does not create a binding agreement under District law. *Ponder*, 666 F. Supp. 2d at 48 (citing *Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 53 (D.D.C. 1998)).

Here, Ponder eschews the implied-in-fact argument and takes a different tack.  He asserts that he and Chase entered into an express oral agreement to modify his mortgage, with the documents that Chase was supposed to send him merely recording the agreed-upon terms.  *See* Compl. ¶¶ 9–13, 21–25; Pl.'s Opp'n at 6–7.  In support of this argument, he cites a line of D.C. cases that hold that "'parties may make an enforceable contract binding them to prepare and execute a subsequent documentary agreement,' as long as 'agreement [has] been expressed on all essential terms that are to be incorporated in the document.'"  *1836 S Street Tenants Ass'n, Inc. v. Estate of B. Battle*, 965 A.2d 832, 839 (D.C. 2009) (quoting *D.C. Area Cmty. Council, Inc. v. Jackson*, 385 A.2d 185, 187 (D.C. 1978)).

The Court concludes that, viewed in light of this argument and with its added factual allegations, Ponder's complaint now states a claim for breach of contract.  This claim, with all reasonable inferences drawn in Ponder's favor, *see Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006), goes as follows: upon discovering that he was in default, Ponder contacted Chase and "entered into negotiations to cure the alleged default."  Compl. ¶ 9.  After further communications between the parties, which included Ponder providing Chase with certain financial information, they reached an oral agreement to modify the existing loan contract, whereby Chase would cease foreclosure proceedings and accept payments on a certain schedule in exchange for Ponder making those payments and providing certain documentation.  This agreement was to be recorded in a written document that Chase would provide.  Ponder took the

initial steps to perform his end of the bargain.  *See id.* ¶¶ 9–14.  This same process was

essentially repeated when the document failed to arrive in his mail.  *Id.* ¶¶ 21–24.  Further,

Ponder adds relevant allegations not presented in his former complaint and attaches to his

opposition brief two correspondences from Chase: the first explaining "the requirements of

[Ponder's] Repayment Plan," the second a "letter of agreement," that lays out the terms and

conditions of the repayment plan, and bears the signatures of Ponder, his wife, and a Chase

representative.  *Id.* at 13–14.[4]  These documents support his argument that a July 2008 contract

existed with certain terms.

Moreover, Ponder's claim identifies the parties and material terms of the putative

contracts, and alleges facts pertaining to both Ponder's performance and Chase's breach.  In

*Nattah v. Bush*, 605 F.3d 1052 (D.C. Cir. 2010), the D.C. Circuit concluded that the plaintiff had

sufficiently plead a breach of contract claim where his complaint had described the terms of the

alleged contract and the nature of the defendants' breach, despite some confusion in the

complaint about when the contract had been formed and the plaintiff's inability to identify the

agents of the defendants who had entered into the contract.  *See id.* at 1057–58.  Although

---

[4]        Chase argues tha, in resolving this Rule 12(b)(6) motion, the Court is precluded from considering these attachments.  Chase contends that any materials that are not described in, attached to, or incorporated by reference in the complaint, and that the two documents meet none of the these exceptions.  Def.'s Reply at 3 n.3 (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  The Court disagrees.  The attached correspondences are referenced in the complaint.  In relevant part, Ponder alleges the follow facts: "In early July, 2008, the Plaintiff and the Defendant agreed on a modification of the loan.  Plaintiff agreed to the terms and faxed a copy of the *agreed payment instrument* requested by the Defendant, and pursuant to the lenders instructions.  As a result of the Defendant's receipt of the *documents*, the Defendant agreed that it would cease all foreclosure proceedings and forward the final agreement."  (emphasis added).  Such reference to the attached materials is sufficient.  Therefore, the Court considers them duly incorporated into the complaint.

Ponder's complaint is less detailed than the complaint in *Nattah*, the Court finds that this case more closely resembles *Nattah* than it does other post-*Twombly* and -*Iqbal* cases where breach of contract claims have been dismissed for failure to state a claim. *Compare id.*, *and* Compl. ¶¶ 9–14, 21–25, *with Edmond v. Am. Educ. Servs.*, 2010 WL 4269129, at *2 (D.D.C. Oct. 28, 2010) (collecting cases); *cf. Akers v. Beal Bank*, 668 F. Supp. 2d 197, 200 (D.D.C. 2009) (denying a Rule 12(b)(6) motion to dismiss a similarly vague *pro se* breach of contract complaint). After consideration of these cases, and bearing in mind the Supreme Court's admonition that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, the Court concludes that Chase's motion must be denied as to Count I. *See also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 16 (D.C. Cir. 2008) ("'[S]pecific facts are not necessary,' and a complaint need only give the defendant fair notice of the claims." (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam))).

## 2.    Count II: Negligent Misrepresentation[5]

Ponder claims that "[i]n both July, 2008 and October, 2008, the Defendant knowingly and falsely represented that it agreed to the terms of the modification of the loan between the Plaintiff and the Defendant. It further agreed that it would cease all foreclosure proceedings." Compl. ¶ 36. The defendants deny such allegations and contend that he has failed to state a claim. The

---

[5]    Although Judge Collyer construed the count to present a claim of fraud, *see Ponder*, 666 F. Supp. 2d at 49. the Court, in consideration of additional facts included in Ponder's current complaint and the plaintiff's ongoing use of the "misrepresentation" title in the new complaint, construes it as a claim of negligent misrepresentation.

Court concludes that Ponder's claims meet the pleading requirements at this stage of the litigation and should not be dismissed.

In the District of Columbia, a plaintiff alleging negligent misrepresentation must establish that (1) the defendant negligently communicated false information, (2) the defendant intended or should have recognized that the plaintiff would likely be imperiled by action taken in reliance upon his misrepresentation, and that (3) the plaintiff reasonably relied upon the false information to his detriment. *Hall v. Ford Enter., Ltd.*, 445 A.2d 610, 612 (D.C. 1982); *accord Howard University v. Watkins*, 2012 WL 1454487, at *6 (D.D.C. Apr. 27, 2012).

Ponder pleads the following facts in support of his misrepresentation claim:  In August, 2008, "the Plaintiff telephoned the Defendant and notified them that he had not received the agreement pursuant to the Defendant's representations and the Defendant asked the Plaintiff if it wanted to reapply for the modification." Compl. ¶ 20.  Ponder responded in the affirmative and "asked if there was sufficient time to allow the modification to go through. The agent responded that there was sufficient time and that another agent would be calling shortly." *Id.* ¶ 21. However, according to Ponder, 'the agent did not call" and Ponder later telephoned Chase "to inquire as to what was going on and Plaintiff was told to send them pay stubs and a copy of a check for $5,000.00." *Id.* ¶ 24.  In addition, Chase's agent allegedly "indicated that the modification was approved and all foreclosure proceedings would cease." *Id.*  Ponder complied with the agreement and "in October, 2008, the Plaintiff forwarded the requested documents and copy of the check." *Id.* ¶ 25.  However, "it was not until late October, 2008, that the Plaintiff learned that he had been deceived by Defendant's agents and Defendant had proceeded with the foreclosure even though it had misrepresented to the Plaintiff that the foreclosure would cease."

10

*Id.* ¶ 26.  The Court finds that such facts, construed in favor of the plaintiff, fulfill the first two elements of negligent misrepresentation.  Chase misrepresented material facts related to the status of the modification's approval and of the foreclosure proceeding.  In addition, it should have known that Ponder would rely on the agent's communication about these matters.

The Court further finds that the alleged facts suggest Ponder, on the facts plead, reasonably relied on the Chase's alleged representations.  Ponder avers that "[t]he representations made by the Defendant were material and was [sic] made to mislead the Plaintiff," and that he "detrimentally relied on th[ose] representations."  *Id.* ¶¶ 38–39.[6]  Specifically, he states that "[a]s a result of the Defendants [sic] representations and in reliance of the representations of the

---

[6]     To the extent plaintiffs does seek to advance a claim for fraud, such a claim must be dismissed for failure to state a claim upon which relief can be granted.  Judge Collyer dismissed Ponder's original misrepresentation claim, construing it as a claim for fraud, on the ground that it failed to comply with Federal Rule of Civil Procedure 9(b), which imposes a heightened pleading standard for allegations fraud or mistake.  *Ponder*, 666 F. Supp. 2d at 49; *see United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) ("[T]he pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.").  In his first complaint, Ponder merely alleged that Chase "knowingly and falsely represented that it would provide modification of the loan agreement for the Plaintiff to sign and that the foreclosure would be stopped."  *Ponder*, No. 09-01351, ¶¶ 27 (July 30, 2009) (complaint, dkt. no. 4-1).  Ponder's current complaint expands upon this allegation, describing his contacts with Chase in more detail.  *See* Compl. ¶¶ 11–14, 19, 21–22, 24, 26, 35–40.  None of Ponder's added factual allegations, however, plead a necessary element of fraud: intent to deceive.  *See Drake*, 993 A.2d at 622.  Ponder *asserts* that Chase's alleged misrepresentation was "made to mislead," Compl. ¶ 39, but he provides no factual support for that assertion.  Thus, under the standards for fraud set forth under D.C. law, Ponder's revised misrepresentation claim fails to state a claim for fraud.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).  In opposing Chase's motion, Ponder asserts that he has alleged knowing falsity with sufficient specificity to meet federal pleading standards.  Pl.'s Opp'n at 8.  He refers, however, to the now-defunct rule that a pleading should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff can prove "no set of facts" in support of her claim that would entitle her to relief.  *See id.*; *Iqbal*, 556 U.S. at 678 (noting that "*Twombly* retired the *Conley* [*v. Gibson*, 355 U.S. 41(1957),] no-set-of-facts test").

Defendant, the Plaintiff ceased all other remedies available to him under the District of Columbia code." Compl. ¶ 14. These alleged facts are entirely plausible. Accordingly, the Court concludes that Ponder has plead sufficient facts to state a claim for negligent misrepresentation of material facts related to the status of his loan modification and the related foreclosure proceedings.

3.    **Count III: Violation of Federal Home Foreclosure Guidelines**

Next, Ponder presents a new claim: he asserts that, "[a]s the mortgagee for a FHA financed home, [Chase] was required to follow pre-foreclosure guidelines established by the United States Department of Housing and Urban Development," as codified at 24 C.F.R. § 203, which required Chase to provide "proper notice to the Plaintiff in a timely manner" and "alternative means to foreclosure." Compl. ¶¶ 42–43. Chase responds that Ponder does not explain which portion of 24 C.F.R. § 203 — which has over 100 subsections — Chase allegedly violated, or how it did so. Def.'s Mem. at 9–10. In opposing Chase's motion, Ponder provides no more specificity, asserting only that he "believes the complaint is clear concerning this claim," and, in the alternative, seeking permission to amend his complaint. Pl.'s Opp'n at 9–10.

As presented in the complaint, this claim must fail. Count III does not provide enough information to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It does not identify the specific guidelines that Chase allegedly violated, or explain when or how it did so. Simply put, it presents an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Accordingly, it fails to state a claim upon which relief may be granted.

4.    **Count IV: Negligence**

12

Ponder asserts that Chase was negligent in failing to "insure accurate delivery of the contract document." Compl. ¶ 49.  A plaintiff pressing a claim of negligence must establish: "(1) a duty, owed by the defendant to the plaintiff, to exercise reasonable care, (2) a breach of this duty, and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1297 n.3 (D.C. Cir. 1985).  Under D.C. law, all contracts contain an implied duty of good faith and fair dealing. *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006).  This duty requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 321 (D.C. 2008) (citing *id.*).  As well, a party is also liable for breach of this duty if she "evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party." *Id.*

Ponder's revised negligence claim asserts that Chase had a duty to ensure both proper preparation and delivery of the documents, Compl. ¶¶ 46, 48.  Defendants argue that, because no fiduciary duty runs from Chase to Ponder, such allegations do not state a claim upon which this Court can grant relief.  The Court disagrees.  As Judge Collyer explained, the debtor-creditor relationship between the parties did not give rise to a fiduciary duty. *See Ponder*, 666 F. Supp. 2d at 49–50.  However, Ponder is correct that Chase's failure to deliver the document, in accordance with its stated commitment to do so, constitutes a breach of the *contractual* duty of good faith and fair dealing.  Such a failure, combined with its assurance to the contrary, denied Ponder the fruits of the contract and evaded its spirit — i.e. to enable modification of the loan and thereby prevent foreclosure.  Construing all facts in Ponder's favor, therefore, the Court concludes that Ponder has stated a negligence claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, Chase's motion to dismiss with prejudice [#2] must be granted in part and denied in part.  Accordingly, it is this 23rd of May 2012 hereby

**ORDERED** that Chase's motion to dismiss is **GRANTED** as to count III; and it is further

**ORDERED** that Chase's motion to dismiss is **DENIED** as to counts I, II, IV.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

14